M. WILLIAM JUDNICH
Enabled Law Group
P.O. Box 4523
Missoula, MT 59806
(406) 215-2340
(406) 721-3783   fax
mj@enabledlawgroup.com

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### MISSOULA DIVISION

| | |
|---|---|
| CURT SIMPSON,<br><br>        Plaintiff,<br><br>   - vs-<br><br>CHAFFEE LEGACY, LLC, and OLE'S COUNTRY STORES, INC., d/b/a OLE'S COUNTRY STORE #2,<br><br>        Defendants. | CASE No.:<br><br><br>**COMPLAINT** |

Plaintiff, CURT SIMPSON (hereinafter the "Plaintiff"), through undersigned counsel, hereby files this Complaint and sues CHAFFEE LEGACY, LLC, a Montana Limited Liability Company, and OLE'S COUNTRY STORES, INC., a Montana Corporation, d/b/a OLE'S COUNRY STORE #2 (hereinafter, collectively the "Defendants"), for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees), pursuant to 42 U.S.C.

§12181, et. seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter referred to as the "ADA").  This Court is vested with jurisdiction under 28 U.S.C. §1331 and §343.

2.     Venue is proper in this Court, Missoula Division pursuant to 28 U.S.C. §1391(B) in that all events giving rise to this lawsuit occurred in Missoula County, Montana.

3.     At the time of Plaintiff's visit to Defendants' Subject Facilities, prior to instituting he instant action, CURT SIMPSON (hereinafter referred to as "SIMPSON"), was a resident of the State of Montana, has an amputation of the right leg and as such suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, and used a wheelchair for mobility. He is required to traverse with a wheelchair and is substantially limited to performing one or more major life activities including, but not limited to, walking, standing, grabbing, tight grasping, and/or pinching or twisting of the wrist.

4.     The Plaintiff personally visited, on or about November 12, 2019 Defendants' Subject Facilities, but was denied full and equal access to, and full and

equal enjoyment of, the facilities services, goods, privileges and accommodations offered within Defendants' Subject Facilities, which is the subject of this lawsuit, even though he would be classified as a "bona fide patron", because of his disabilities. Plaintiff lives in Ravalli County, Montana, in close proximity to Defendants, (within 18.29 miles) and travels in the surrounding areas near Defendants' Subject Facilities on a regular basis.

5.    The Defendants, CHAFFEE LEGACY, LLC, a Montana Limited Liability Company, and OLE'S COUNTRY STORES, INC., a Montana Corporation, d/b/a OLE'S COUNRY STORE #2 are authorized to conduct and are conducting business within the State of Montana.

6.    Upon information and belief, OLE'S COUNTRY STORES, INC., a Montana Corporation, is the lessee and/or operator of the real property (the "Subject Facility"), and the owner of the improvements where the Subject Facility is located which is the subject of this action, the establishment commonly referred to as OLE'S COUNRY STORE #2 located at 923 N. Orange Street, in Missoula, Montana.

7.    Upon information and belief, CHAFFEE LEGACY, LLC, a Montana Limited Liability Company, is the lessor, operator and/or owner of the real property (the "Subject Facility"), and the owner of the improvements where the Subject Facilities are located which are the subjects of this action.

8.     All events giving rise to this lawsuit occurred in the State of Montana. Venue is proper in this Court as the premises are located in Missoula County in the Montana District, Missoula Division.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

9.     On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, et. seq.  Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements.  The effective date of the Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(a).

10.     Congress found, among other things, that:

(i)     some 43,000,000 Americans have one or more physical or mental

disabilities, and this number shall increase as the population continues to grow older;

(ii)     historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

(iii)     discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

(iv)     individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

(v)      the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

11.    Congress explicitly stated that the purpose of the ADA was to:

(i)      provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)     provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. §12101(b)(1)(2), and (4).

12.     Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, Defendants are places of public accommodation in that they are establishments which provide goods and services to the public.

13.     Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the building and/or Subject Facility which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

14.     The Plaintiff is informed and believes, and therefore alleges, that the Subject Facility has begun operations and/or undergone remodeling, repairs and/or alterations since January 26, 1990.

15.     Defendants have discriminated, and continue to discriminate, against the Plaintiff, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at Defendants' Subject Facilities in derogation of 42 U.S.C. §12101, et. seq., and as prohibited by 42 U.S.C. §12182 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

16.     The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all accommodations and services offered at Defendants' Subject Facilities.  Prior to the filing of this lawsuit, the Plaintiff visited the subject properties and was denied full and safe access to all the

benefits, accommodations and services of the Defendants.  Prior to the filing of this lawsuit, SIMPSON, personally visited OLE'S COUNRY STORE #2 located at 923 N. Orange Street, located in Missoula, Montana with the intention of using Defendants' facilities, but was denied full and safe access to the facilities, and therefore suffered an injury in fact that is traceable to the Facilities actions.  As stated herein, the Plaintiff has visited the Subject Facilities in the past, prior to the filing of this lawsuit, resides near said Subject Facility, and Plaintiff intends to return to the Subject Facility and Property within six months, or sooner, upon the Subject Facility being made accessible but is currently deterred from returning due to these barriers.  As such, Plaintiff is likely to be subjected to reencountering continuing discrimination at the Subject Facility unless it is made readily accessible to and usable by individuals with disabilities to the extent required under the ADA, including the removal of the architectural barrier which remain at the Subject Facility. The injury in fact can be redressed by a favorable decision by this Court.

17.    Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R.

Part 36, under which said Department may obtain civil penalties of up to $110,000 for the first violation and $150,000 for any subsequent violation.

18.    The Defendants' Subject Facilities are in violation of 42 U.S.C. §12182 <u>et. seq.</u>, the ADA and 28 C.F.R. §36.302 <u>et. seq.</u>, and is discriminating against the Plaintiff, as a result of <u>interalia,</u> the following specific violations:

## **<u>VIOLATIONS</u>**

a) Failure to provide ADA compliant number of van accessible parking stalls at the subject property, in violation of 2010 ADAS and 2015 ABAAS Section 208.2 and 208.4. This barrier failed to have any van accessible parking stalls to allow Plaintiff van accessible parking which Plaintiff requires as Plaintiff utilizes a wheelchair due to the Plaintiff's disability and such handicapped accessible parking stalls are necessary. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

b) Failure to provide ADA compliant number of accessible parking stalls throughout the subject property, in violation of 2010 ADAS and 2015 ABAAS Section 208.2. This barrier failed to have any van accessible parking stalls to allow Plaintiff van accessible parking which Plaintiff requires as Plaintiff utilizes a wheelchair due to the Plaintiff's disability and such handicapped accessible parking stalls are necessary. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

c) Failure to provide ADA compliant access aisle at an accessible parking stall, in violation of 2010 ADAS and 2015 ABAAS Section 502.2. This barrier interfered with the Plaintiff's full and equal enjoyment of the facility by failing to have a compliant Access Isle connected to a van accessible parking stall to allow Plaintiff wheelchair access to the facility after exiting his vehicle which Plaintiff requires as Plaintiff utilizes a wheelchair due to the Plaintiff's disability. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

d) Failure to provide ADA compliant parking stall signage, in violation of 2010 ADAS and 2015 ABAAS Section 502.6. This barrier interfered with the Plaintiff's full and equal enjoyment of the facility by failing to have a compliant handicapped parking space identification sign properly displayed and mounted. Plaintiff failed to observe proper handicapped parking space identification signs for required handicapped parking areas at Defendant's establishment and Plaintiff requires handicapped wheelchair access parking to the facility as Plaintiff utilizes a wheelchair due to the Plaintiff's disability. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

e) Failure to provide ADA compliant parking stall slope grading, in violation of 2010 ADAS and 2015 ABAAS Section 502.4. This barrier interfered with the Plaintiff's full and equal enjoyment of the facility by failing to have a compliant wheelchair ramp with appropriate slope grading. Plaintiff utilized a wheelchair in an attempt to enter Defendant's premises and encountered a noncompliant wheelchair ramp with a non complaint slope grade for wheelchair access that non-handicapped patrons could access without barrier.  Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

f) Failure to provide ADA compliant accessible parking stall on an accessible route of travel leading to the building accessible entrance, in violation of 2010 ADAS and 2015 ABAAS Section 208.3.1. This barrier failed to have a compliant wheelchair accessible route of travel leading to the building accessible entrance. Plaintiff utilized a wheelchair due to the Plaintiff's disability in an attempt to enter Defendant's premises from the parking lot and encountered this barrier that others without disability did not encounter. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

g) Failure to provide ADA compliant ramp slope grading, in violation of 2010 ADAS and 2015 ABAAS Section 403.3. This barrier failed to have a compliant wheelchair accessible ramp slope grading leading to the building accessible entrance. Plaintiff utilized a wheelchair due to the Plaintiff's disability in an attempt to enter Defendant's premises from the parking lot and encountered this barrier that others without disability did not encounter. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

h) Failure to provide ADA compliant curb ramp flare slope grading, in violation of 2010 ADAS and 2015 ABAAS Section 406.1 and 406.3. This barrier failed to have a compliant wheelchair ramp flare with appropriate slope grading. Plaintiff utilized a wheelchair due to the Plaintiff's disability in an attempt to enter Defendant's premises from the parking lot and encountered a noncompliant and/or nonexistent wheelchair ramp flare with a non complaint slope grade for wheelchair access. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

i) Failure to provide ADA compliant curb ramp running slope grading, in violation of 2010 ADAS and 2015 ABAAS Section 406.1. This barrier failed to have a compliant wheelchair ramp running slope grading. Plaintiff utilized a wheelchair due to the Plaintiff's disability in an attempt to enter Defendant's premises from the parking lot and encountered a noncompliant and/or nonexistent wheelchair ramp running slope grading for wheelchair access. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

j) Failure to provide ADA compliant unobstructed curb ramp width clearance, in violation of 2010 ADAS and 2015 ABAAS Section 405.5 and 406.1. This barrier failed to have a compliant wheelchair route with compliant clear width for a wheelchair accessible route. Plaintiff utilized a wheelchair due to the Plaintiff's disability in an attempt to enter Defendant's premises from the parking lot and encountered a noncompliant walking surface that was not wide enough to comply with clear width requirements for wheelchair access that non-handicapped patrons could access without barrier. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

k) Failure to provide ADA compliant exterior route walkway width clearance, in violation of 2010 ADAS and 2015 ABAAS Section 403.5.1. This barrier failed to have a compliant wheelchair route with exterior route walkway width clearance for a wheelchair accessible route. Plaintiff utilized a wheelchair due to the Plaintiff's disability in an attempt to enter Defendant's premises and encountered a noncompliant exterior route walkway width clearance for wheelchair access that non-handicapped patrons could access without barrier. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

l) Failure to provide ADA compliant walkway minimum width clearance, in violation of 2010 ADAS and 2015 ABAAS Section 403.5.1. This barrier failed to have a compliant wheelchair route with walkway minimum width clearance for a wheelchair accessible route. Plaintiff utilized a wheelchair due to the Plaintiff's disability in an attempt to enter Defendant's premises and encountered a noncompliant walkway minimum width clearance for wheelchair access that non-handicapped patrons could access without barrier. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

m) Failure to provide ADA compliant exterior number of accessible table seating, in violation of 2010 ADAS and 2015 ABAAS Section 226.1. This barrier failed to have a compliant exterior number of wheelchair accessible table seating. Plaintiff utilized a wheelchair due to the Plaintiff's disability in an attempt to enter Defendant's premises and encountered inadequate exterior number of accessible table seating with wheelchair access that non-handicapped patrons could access without barrier. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

n) Failure to provide ADA compliant exterior table seating clearances, in violation of 2010 ADAS and 2015 ABAAS Section 306.1 and 306.3.1. This barrier failed to have a compliant exterior table seating clearances for wheelchair accessible table seating. Plaintiff utilized a wheelchair due to the Plaintiff's disability in an attempt to patronize Defendant's premises and encountered inadequate exterior table seating clearances for wheelchair access that non-handicapped patrons could access without barrier.  Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

o) Failure to provide ADA compliant exterior front pull approach clearance, in violation of 2010 ADAS and 2015 ABAAS Section 404.2.4.1. This barrier failed to have exterior front pull approach clearance for wheelchair access. Plaintiff utilized a wheelchair due to the Plaintiff's disability in an attempt to patronize Defendant's premises and encountered noncompliant exterior front pull approach clearance for wheelchair access that non-handicapped patrons could access without barrier.  Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

p) Failure to provide ADA compliant directional and informational signage leading to an accessible entrance, in violation of 2010 ADAS and 2015 ABAAS Section 216.6. This barrier failed to have compliant directional and informational signage leading to an accessible entrance for wheelchair access. Plaintiff utilized a wheelchair due to the Plaintiff's disability in an attempt to patronize Defendant's premises and encountered noncompliant directional and informational signage leading to an accessible entrance for wheelchair access that non-handicapped patrons could access without barrier. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

q) Failure to provide ADA compliant sales/service counter height, in violation of 2010 ADAS and 2015 ABAAS Section 904.4.1 and 904.4.2. Plaintiff encountered a non-complaint sales/service counter height by which he could not readily exchange machinery items and payment, including point of sale from his wheelchair due to the countertop being of non-compliant height and the inaccessibility to these services that non-handicapped patrons could access. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

r) Failure to provide ADA compliant secured floor mats throughout the subject facility, in violation of 2010 ADAS and 2015 ABAAS Section 302.2. Plaintiff encountered non-complaint secured floor mats by which he had difficulty negotiating from his wheelchair which was a barrier that non-handicapped patrons did not have.  Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

s) Failure to provide ADA compliant self-serve dispenser height, at several self-serve dispenser areas throughout the subject facility, in violation of 2010 ADAS and 2015 ABAAS Section 308.1. This barrier failed to have accessible self-serve dispensers at accessible wheelchair height that did not allow him adequate reach ranges for equal access to self-service items while in his wheelchair that non-handicapped patrons could access without barrier. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

t) Failure to provide ADA compliant self-serve counter dispenser height, in violation of 2010 ADAS and 2015 ABAAS Section 904.4.1 and 904.4.2. This barrier failed to have compliant self-serve counter dispenser height

accessible by wheelchair that non-handicapped patrons could access without barrier. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

u) Failure to provide ADA compliant self-serve dispensers height, in violation of 2010 ADAS and 2015 ABAAS Section 308.1. This barrier failed to have compliant self-serve dispensers height accessible by wheelchair that non-handicapped patrons could access without barrier. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

v) Failure to provide ADA compliant point of sale, merchandise and display reach ranges, throughout the subject facility, in violation of 2010 ADAS and 2015 ABAAS Section 308.1. This barrier failed to have point of sale, merchandise and display reach ranges,  accessible by wheelchair that non-handicapped patrons could access without barrier.   Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

w) Failure to provide ADA compliant circulation aisles throughout the subject facility, in violation of 2010 ADAS and 2015 ABAAS Section 403.5.1. This barrier failed to have compliant circulation aisles accessible by wheelchair. Plaintiff utilized a wheelchair due to the Plaintiff's disability in an attempt to enter Defendant's premises and encountered noncompliant circulation aisles for wheelchair access that non-handicapped patrons could access without barrier. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

x) Failure to provide ADA compliant eat-in counter height, in violation of 2010 ADAS and 2015 ABAAS Section 904.4.1 and 904.4.2. . This barrier failed to have compliant eat-in counter heights with wheelchair access. Plaintiff utilized a wheelchair due to the Plaintiff's disability in an attempt to enter Defendant's premises and encountered noncompliant eat-in counter heights with wheelchair access that non-handicapped patrons could access without barrier. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

y) Failure to provide ADA compliant number of interior booth seating, in violation of 2010 ADAS and 2015 ABAAS Section 226.1. This barrier failed to have a compliant number of interior booth seating for wheelchair

accessible seating. Plaintiff utilized a wheelchair due to the Plaintiff's disability in an attempt to enter Defendant's premises and encountered inadequate number of interior booth seating with wheelchair access that non-handicapped patrons could access without barrier. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

z) Failure to provide ADA compliant interior booth table clearances, in violation of 2010 ADAS and 2015 ABAAS Section 306.1 and 306.3.1. This barrier failed to have a compliant interior booth table clearances for wheelchair accessible seating. Plaintiff utilized a wheelchair due to the Plaintiff's disability in an attempt to enter Defendant's premises and encountered inadequate interior booth table clearances with wheelchair access that non-handicapped patrons could access without barrier. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

aa) Failure to provide ADA compliant restroom directional and informational signage, in violation of 2010 ADAS and 2015 ABAAS Section 216.8. This barrier failed to have compliant restroom directional and informational signage for wheelchair access. Plaintiff utilized a wheelchair due to the Plaintiff's disability in an attempt to enter Defendant's premises and encountered noncompliant restroom directional and informational signage for wheelchair access that non-handicapped patrons could access without barrier. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

bb) Failure to provide ADA compliant restroom signage, in violation of 2010 ADAS and 2015 ABAAS Section 216.8. This barrier failed to have compliant restroom signage for wheelchair access. Plaintiff utilized a wheelchair due to the Plaintiff's disability in an attempt to enter Defendant's premises and encountered noncompliant restroom signage for wheelchair access that non-handicapped patrons could access without barrier. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

cc) Failure to provide ADA compliant self-serve wall dispenser reach range, in violation of 2010 ADAS and 2015 ABAAS Section 308.1. This barrier failed to have compliant self-serve wall dispenser reach range accessible by wheelchair. Plaintiff utilized a wheelchair due to the Plaintiff's disability in

an attempt to enter Defendant's premises and encountered noncompliant self-serve wall dispenser reach range for wheelchair access that non-handicapped patrons could access without barrier. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

dd) Failure to provide ADA compliant paper towel dispenser height, in violation of 2010 ADAS and 2015 ABAAS Section 308.2.1. This barrier failed to have compliant paper towel dispenser height accessible by wheelchair. Plaintiff utilized a wheelchair due to the Plaintiff's disability in an attempt to enter Defendant's premises and encountered noncompliant paper towel dispenser height for wheelchair access that non-handicapped patrons could access without barrier. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

ee) Failure to provide ADA compliant mirror height, in violation of 2010 ADAS and 2015 ABAAS Section 603.3. This barrier failed to have compliant mirror height accessible by wheelchair. Plaintiff utilized a wheelchair due to the Plaintiff's disability in an attempt to enter Defendant's premises and encountered noncompliant mirror height for wheelchair access that non-handicapped patrons could access without barrier. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

ff) Failure to provide ADA compliant properly insulated pipes, in violation of 2010 ADAS and 2015 ABAAS Section 606.5. This barrier failed to have compliant properly insulated bathroom pipes accessible by wheelchair. Plaintiff utilized a wheelchair due to the Plaintiff's disability in an attempt to enter Defendant's premises and encountered noncompliant properly insulated pipes for wheelchair access that non-handicapped patrons could access without barrier. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

gg) Failure to provide ADA compliant soap dispenser reach range, in violation of 2010 ADAS and 2015 ABAAS Section 308.2.1. This barrier failed to have compliant soap dispenser reach range accessible by wheelchair. Plaintiff utilized a wheelchair due to the Plaintiff's disability in an attempt to enter Defendant's premises and encountered noncompliant soap dispenser reach range for wheelchair access that non-handicapped

patrons could access without barrier. Said barrier is covered by the A.D.A. guidelines and is in nonconformity with the requirements for such architecture.

19. The above-referenced barriers will likely cause a repeated real injury in fact in a similar way as listed if not remedied when the Plaintiff frequents this property again as described previously. Each of these barriers interfered with the Plaintiff's full and equal enjoyment of the facility by failing to allow Plaintiff the same access due to the Plaintiff's disability as those enjoy without disabilities.

20.    Upon information and belief, there are other current violations of the ADA at Defendants' Properties, and only once a full inspection is done can all said violations be identified due to Plaintiff being deterred from discovering each and every barrier as a result of encountering the above-listed violations.

21.    To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.  The barriers to access at the Subject Facilities, as described above, have severely diminished Plaintiff's ability to avail himself of the goods and services offered at the Subject Facilities, and compromise his safety.

22.    Pursuant to the ADA, 42 U.S.C. §12101 et. seq., and 28 C.F.R. §36.304, the Defendants were required to make the Subject Facility, a place of

public accommodation, accessible to persons with disabilities since January 28, 1992. To date, the Defendants have failed to comply with this mandate.

23.     The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action.   The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C. §12205.

24.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA and closing the subject facility until the requisite modifications are completed.

25.     The Plaintiff has standing for injunctive relief as to any other barriers at the Subject Facility related to his disability even if Plaintiff is not deterred from returning to the public accommodation at issue pursuant to *Chapman v. Pier 1 Imports (U.S.) Inc.,* 631 F.3d 939 (9th Cir. 2011).

WHEREFORE, the Plaintiff hereby demands judgment against the Defendants and the Court declare that the subject property and Subject Facilities owned, operated, leased, controlled and/or administered by the Defendants are violative of the ADA;

A.      The Court enter an Order requiring the Defendants to alter their facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

B.      The Court enter an Order directing the Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendants to undertake and complete corrective procedures to the Subject Facility;

C.      The Court award reasonable attorney's fees, all costs (including, but not limited to court costs and expert fees) and other expenses of suit, to the Plaintiff; and

D.      The Court award such other and further relief as it deems necessary, just and proper.


Dated: This 22nd day of November, 2019.


By:   */s/ M. William Judnich*
M.William Judnich
Attorney for Plaintiff